**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| BLACKWELL PUBLISHING, INC.; ) | |
| ELSEVIER, INC. ) | |
| MASSACHUSETTS MEDICAL SOCIETY, ) | |
| and ) | |
| WILEY-LISS, INC., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Civil Action No.: |
|     v. ) | 05cv10697 WGY |
| ) | |
| VIA MARKETING & PROMOTION, S.A. ) | |
| d/b/a ACTAMED SERVICES and ) | |
| ROBERT TH. GMELIG MEYLING, ) | |
| ) | |
|     Defendants. ) | |

---

**DEFENDANT VIA MARKETING & PROMOTION, S.A.**
**d/b/a ACTAMED SERVICES' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant VIA Marketing & Promotion, S.A. d/b/a ActaMed Services ("ActaMed" or "Defendant") answers the allegations contained in numbered paragraphs 1-44 of the Complaint of plaintiffs Blackwell Publishing, Inc., Elsevier, Inc., Massachusetts Medical Society, and Wiley-Liss, Inc. collectively "Plaintiffs"). At the same time, ActaMed is filing a motion to dismiss Count 9 for lack of subject matter jurisdiction and for a failure to state a cognizable claim under Fed. R. Civ. P. 12, because, for among other reasons, Count 9 seeks to have this United States Court impose liability under unspecified foreign laws on Swiss defendants for alleged violations of undefined

foreign rights by acts allegedly committed outside of the United States.  Moreover, ActaMed also is filing a motion to dismiss on the grounds of *forum non conveniens*.

This Answer shall not constitute an unconditional appearance of any Defendant, and is made without waiver of any of Defendants' rights, including but not limited to their rights to challenge this Court's jurisdiction in this Court or any other court or judicial or administrative authority.  Defendants specifically reserve their right to challenge the Court's jurisdiction and the enforceability of the Court's judgment in Switzerland pursuant to Article 111 Section 1 of the Swiss Federal Act on International Private Law of December 18, 1987. According to this provision, Swiss authorities do not recognize and enforce a foreign court's judgment in matters concerning intellectual property rights, if such foreign judgment was rendered against a defendant with domicile in Switzerland. Defendants herewith explicitly declare that they will make use of any and all rights and remedies available to object to the Court's jurisdiction and to the enforceability of the Court's judgment in Switzerland, where Defendants are domiciled. See Exhibit 38 to Rizzi Declaration at ¶ 8.

## Parties

1.   ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 and therefore denies.

2.   ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 and therefore denies.

3.   ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 and therefore denies.

4.   ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 and therefore denies.

5.   ActaMed admits that it is a corporation with a place of business at Via Chiosso 15, 6948 Porza, Switzerland but otherwise denies the allegations in paragraph 5.

6.   ActaMed admits that Mr. Meyling has a residence at Via Pastura 74, 6983 Magliaso Switzerland and is President and CEO of ActaMed but otherwise denies the allegations in paragraph 6.

## Jurisdiction and Venue

7.   Paragraph 7 sets forth the basis for the Court's jurisdiction and therefore no response is necessary.

8.   ActaMed admits that the Court has personal jurisdiction over ActaMed and denies the remaining allegations in paragraph 8.

9.   Denies.

10.  Denies.

## Facts

11.  ActaMed admits that Plaintiff Blackwell purports to be a publisher of books and journals including one entitled Seminars in Dialysis but is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

12.  ActaMed admits that Plaintiff Elsevier purports to be a publisher of books and journals including one entitled American Journal of Cardiology but is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13.  ActaMed admits that Plaintiff Massachusetts Medical Society purports to publish a journal entitled The New England Journal of Medicine but is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

14.  ActaMed admits that Plaintiff Wiley purports to be a publisher of journals including one entitled Depression and Anxiety but is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies them.

15.  Admits.

16.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 and therefore denies.

17.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies.

18.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 and therefore denies.

19.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 and therefore denies.

20.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore denies.

21.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies.

22.  ActaMed admits that it operated a document delivery service for certain individuals under certain circumstances but otherwise denies the allegations of paragraph 22.

23.  ActaMed admits that its website located at www.actamed.ch has described services ActaMed offered from time to time but otherwise denies the remaining allegations of paragraph 23.

24.  ActaMed admits that it has operated an on-line service known as ActaMed ImiCard available to registered physicians but otherwise denies or is without sufficient knowledge or information to firm a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies them.

25.  ActaMed admits that it has offered a Special Selection Service and Literature Service and that it has informed Plaintiffs that its Literature Service is in part paid for by the pharmaceutical industry but otherwise denies or is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies them.

26.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 and therefore denies.

27.  ActaMed admits that Newjen placed online orders but otherwise is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 27 and therefore denies them.

28.  ActaMed admits that it received and filled orders from Newjen but otherwise denies the allegations in paragraph 28.

29.  ActaMed admits that Exhibit A contains a list of articles that appear to be articles from the journals identified in the Complaint as "Plaintiffs' Journals" and that Exhibit E contains photocopies of what appears to be the first pages of those articles but otherwise is without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations set forth in paragraph 29 and therefore denies them.

30. ActaMed admits that Newjen placed an order for 300 copies of the article specified but otherwise denies the allegations in paragraph 30.

31. ActaMed admits that it had 300 copies of the article specified shipped to Newjen but otherwise denies the allegations in paragraph 31.

32. ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 and therefore denies.

33. ActaMed denies that it has made hundreds or thousands of unauthorized copies and delivered them into the United States but otherwise is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 33 and therefore denies them.

34. ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 34 and therefore denies.

35. Denies.

36.  ActaMed admits the allegations contained in the first and second sentences of paragraph 36 and admits that certain copyright fees have been paid but otherwise denies the remaining allegations of paragraph 36.

37.  ActaMed denies the fourth sentence of paragraph 37 and is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the first, second and third sentences of paragraph 37 and therefore denies them.

38.  ActaMed is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 and therefore denies.

39.  Denies.

40.  Denies.

## COUNTS 1- 4

### Count 1 Infringement - Unauthorized Distribution within the United States

41.  Denies.

42.  Denies.

## COUNTS 5 - 8

### Copyright Infringement - Unauthorized Importation into the United States

43.   Denies.

44.   Denies.

## COUNT 9

### Copyright Infringement Within Countries Other Than the United States

45.   ActaMed is moving to dismiss this Count, therefore no answer is required.

46.   ActaMed is moving to dismiss this Count, therefore no answer is required.

47.   ActaMed is moving to dismiss this Count, therefore no answer is required.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

48. Plaintiffs are not entitled to relief because they have failed to state a claim upon which relief can be granted.

## Second Affirmative Defense

49. Plaintiffs' claims are barred by the doctrine of laches.

## Third Affirmative Defense

50. Plaintiffs' claims are barred by the doctrine of estoppel.

## Fourth Affirmative Defense

51. Plaintiffs' claims are barred by reason of disclaimer.

## Fifth Affirmative Defense

52. Plaintiffs' claims are barred by reason of waiver.

## Sixth Affirmative Defense

53. Plaintiffs' claims are barred by reason of license.

## Seventh Affirmative Defense

54. Defendant ActaMed's use of any copyrighted material was allowed under the doctrine of copyright fair use.

## Eighth Affirmative Defense

55. At all times relevant to this action, Defendant ActaMed acted in good faith without intention to engage in unlawful conduct.

### Ninth Affirmative Defense

56. Plaintiffs' claims are barred by reason of mistake.

### Tenth Affirmative Defense

57. Plaintiffs claims are barred under the doctrine of acquiescence.

### Eleventh Affirmative Defense

58. Plaintiffs' claims are barred by the doctrine of unfair competition.

### Twelfth Affirmative Defense

59. Plaintiffs are precluded from obtaining equitable relief by reason of unclean hands.

### Thirteenth Affirmative Defense

60. Plaintiffs' claims are barred by reason of inducement.

### Fourteenth Affirmative Defense

61. Plaintiffs' claims are barred by reason of misrepresentation.

### Fifteenth Affirmative Defense

62. Plaintiffs' claims are barred by the doctrine of copyright misuse.

### Sixteenth Affirmative Defense

63. This Court should decline jurisdiction and dismiss Plaintiffs' claims on the basis of *forum non conveniens*.

### Seventeenth Affirmative Defense

64. Plaintiffs' claims, or any of such claims, are wholly insubstantial, frivolous, objectively baseless, a sham, and not advanced in good faith.  Therefore, Plaintiffs should be denied any relief in this action and Defendant should be awarded its reasonable attorneys' fees and other costs and expenses incurred in defending this action.

### Eighteenth Affirmative Defense

65. Plaintiffs' claims based on violation of foreign laws or rights are not cognizable in a United States Court and this Court lacks subject matter jurisdiction over such claims.


WHEREFORE, Defendant ActaMed prays for judgment on all causes of action as follows:

A.   That Plaintiffs take nothing by way of their Complaint;

B.   That judgment be awarded to Defendant ActaMed;

C.    That Defendant ActaMed be awarded its costs, including

reasonable attorneys fees and interest; and

D.    That the Court grant Defendants such other and further

relief as the Court may deem just and proper.

                              Respectfully submitted,

                              VIA MARKETING & PROMOTION, S.A.
                              d/b/a ACTAMED SERVICES,

                              By its attorneys,

Dated: June 14, 2005          _s/John J. Cotter _____
                              John J. Cotter, Esq., BBO# 554524
                              David J. Byer, Esq. BBO# 544411
                              KIRKPATRICK & LOCKHART NICHOLSON
                              GRAHAM LLP
                              75 State Street
                              Boston, MA 02109-1808
                              617.261.3100
                              617.261.3175 (fax)

CERTIFICATE OF SERVICE

   I hereby certify that on June 14, 2005, I caused a copy of the foregoing document to be served by electronic filing and by first class United States mail, postage prepaid upon the following:

William S. Strong, Esq.
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114

                              ___s/Penny s. Lennox___
                              Penny S. Lennox

BOS-871312