UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKWELL PUBLISHING, INC., <br> ELSEVIER, INC., <br> MASSACHUSETTS MEDICAL SOCIETY, <br> and <br> WILEY-LISS, INC., <br>   Plaintiffs, <br> v. <br> VIA MARKETING & PROMOTION, S.A. <br> d/b/a ACTAMED SERVICES and <br> ROBERT TH. GMELIG MEYLING, <br>   Defendants. | Civil Action No.: <br> 1:05-CV-10697 WGY |

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

The parties submit the following statement pursuant to L.R. 16.1(D).

**I.   Proposed Discovery Plan**

   **A.   Plaintiffs' Proposal**

The parties will make their initial disclosures under FRCP 26(a)(1) within fourteen (14) days after the filing of this Joint Statement.

Based on the information available to them at present, the parties anticipate that each of them will take no more than ten depositions, make no more than three document requests, and propound no more than twenty-five interrogatories. The parties agree that these limits should be considered flexible so as to permit additional discovery should issues arise that make it necessary.

1

On the basis of the foregoing assumptions, the parties propose that discovery be concluded by January 31, 2006.

With regard to Defendants' Response below, plaintiffs state as follows:

1. The Response does not indicate whether defendants refuse to comply with the Federal Rules of Procedure, or intend to comply voluntarily with such Rules but are seeking to reserve their right to object to the enforcement of any judgment of this Court using evidence obtained in compliance with such Rules.

2. Defendants failed to raise this issue when the parties were before the Court discussing the conduct of discovery. The Court presumably issued its ruling on the conduct of discovery based on the assumption that, as regards the parties, discovery would be taken in accordance with the Federal Rules of Civil Procedure.

3. The rules of the cited Hague Convention are optional rules of discovery, and defendants bear the burden of showing why compliance with such rules is preferable due to the nature of the discovery requested or to considerations of international comity. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522 (1987); *Triple Crown America, Inc. v. Biosynth AG*, 1998 WL 227886 (E.D. Pa. 1998) . Defendants have made no offer of proof in this regard.

4. Furthermore, requiring plaintiffs to seek to depose defendants or otherwise conduct discovery of the parties in accordance with the Hague Convention, would entail substantial time, effort, expense and delay and would not effectively facilitate the gathering of evidence. *Id*. at *3.

5. Were defendants to make an offer of proof and to prevail on the matter, an extension of the trial date would probably be required, because the procedures provided for under the Hague Convention are cumbersome and time-consuming.

## B. Defendants' Response

This Joint Statement shall not constitute an unconditional appearance of any Defendant, and is made without waiver of any Defendant's rights, including but not limited to their rights to challenge this Court's jurisdiction in this Court or any other court or judicial or administrative authority. Defendants specifically reserve their right to challenge the Court's jurisdiction and the enforceability of the Court's judgment in Switzerland pursuant to Article III Section 1 of the Swiss Federal Act on International Private Law of December 18, 1987. Defendants understand that according to this provision, Swiss authorities do not recognize and enforce a foreign court's judgment in matters concerning intellectual property rights, if such foreign judgment was rendered against a defendant with domicile in Switzerland. Defendants explicitly declare that they will make use of any and all rights and remedies available to object to the Court's jurisdiction and to the enforceability of the Court's jurisdiction in Switzerland.

Defendants are both Swiss domiciles subject to Swiss law. Accordingly, based on Defendants' understanding of Swiss law and Switzerland's reservations under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters ("Hague Convention"), any evidence taking, discovery, or proceeding in Switzerland must take place pursuant to the Hague Convention, and that disregard of the Hague Convention may result in non-enforceability in Switzerland of a court's judgment. Defendants specifically reserve their right to challenge the enforceability of the Court's judgment in Switzerland if

the Hague Convention is not applied and will make use of any and all rights and remedies available to object to the enforceability of the Court's judgment in Switzerland.

Subject to and without waiving their reservation of rights, Defendants are unable to commit to providing initial disclosures under F.R.C.P. 26(a)(1), to providing pretrial discovery under any Federal Rule of Civil Procedure or otherwise, or to any schedule of such disclosures, discovery, or similar matters, unless such is provided pursuant to the Hague Convention.

**II.     Proposed Schedule for Filing of Motions and Other Papers**

    **A.     Plaintiffs' Proposal**

The Plaintiffs propose the following schedule. All dates are outside dates by which the motions described, with initial supporting briefs, shall be filed.

| | |
|---|---|
| October 3, 2005 | Answer of Robert Th. Gmelig Meyling to plaintiffs' Amended Complaint |
| December 31, 2005 | All motions pursuant to FRCP Rules 12, 15, 19 & 20 |
| February 15, 2006 | Dispositive motions pursuant to FRCP Rule 56 |
| _____ | Pre trial conference |
| March, 2006 | Trial |

    **B.     Defendants' Response**

Defendants incorporate by reference their response in Section I.B. above.

**III.    Certification**

    **A.     Plaintiffs' Proposal**

The parties' certifications under Local Rule 16.1(D)(3) will be filed with the Court within the next fourteen (14) days.

4

**B.** **Defendants' Response**

Defendants incorporate by reference their response in Section I.B. above.

**IV.** **Consideration of Trial by Magistrate Judge**

    **A.** **Plaintiffs' Proposal**

The parties do not at this time consent to trial by a Magistrate Judge.

    **B.** **Defendants' Response**

Defendants incorporate by reference their response in Section I.B. above.

Respectfully submitted,

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
MASSACHUSETTS MEDICAL SOCIETY,
and WILEY-LISS, INC.,
Plaintiffs,

By their attorneys,

Dated: September 28, 2005

\_/s/ by permission of William S. Strong\_\_\_
William S. Strong, Esq.,  BBO #483520
Amy C. Mainelli, Esq., BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

VIA MARKETING & PROMOTION, S.A.
d/b/a ACTAMED SERVICES and
ROBERT TH. GMELIG MEYLING
Defendants,

By their attorneys,


 /s/ John J. Cotter
John J. Cotter, Esq., BBO#554524
David J. Byer, Esq., BBO#544411
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100
(617) 261-3175 (Fax)

WSS/elsevier/actamed/joint*

6