UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
MASSACHUSETTS MEDICAL SOCIETY and
WILEY-LISS, INC.,

     Plaintiffs,                    Civil Action No.:
                                    1:05-cv-10697 WGY
v.

VIA MARKETING & PROMOTION, S.A.
d/b/a ACTAMED SERVICES and
ROBERT TH. GMELIG MEYLING,

     Defendants.
```

**MOTION OF DEFENDANTS ACTAMED AND ROBERT MEYLING FOR LEAVE TO FILE A THIRD DECLARATION OF ROBERT TH. GMELIG MEYLING**

Defendants Via Marketing & Promotion, S.A. d/b/a ActaMed Services ("ActaMed") and Robert Th. Gmelig Meyling ("Meyling"), pursuant to Local Rule 7.1(B)(3), respectfully move for leave to file a third declaration of Robert Th. Gmelig Meyling in support of Defendants' Motion to Dismiss Plaintiffs' Complaint against them under the doctrine of *Forum Non Conveniens* and for failure to state a claim and lack of subject matter jurisdiction dated June 14, 2005, ("Defendants' Motion"). The third declaration is attached as Exhibit A. The third declaration clarifies a statement made in the Second Declaration of Robert Th. Gmelig Meyling dated September 14, 2005. A third declaration will

complete the record and assist the Court in reaching a fair resolution of the issues raised by Defendants' Motion.

Pursuant to Local Rule 7.1, counsel for Defendants conferred with counsel for Plaintiffs in an attempt to resolve in good faith the issues presented by this motion and counsel for Plaintiffs has assented to the motion.

WHEREFORE, Via Marketing & Promotion, S.A. d/b/a ActaMed Services and Robert Th. Gmelig Meyling, respectfully request that the Court grant their Motion for Leave to File a Third Declaration of Robert Th. Gmelig Meyling in Support of their Motions to Dismiss Plaintiffs' Complaint against them under the doctrine of *forum non conveniens* and for failure to state a claim and lack of subject matter jurisdiction.[1]

---

[1] This Motion and the Declarations in support of it shall not constitute an unconditional appearance, and are made without waiver of any of ActaMed's or Mr. Meyling's rights. In particular, the Defendants reserve the right to object to the Court's jurisdiction and to the enforceability of the Court's judgment in Switzerland pursuant to Article 111 Section 1 of the Swiss Federal Act on International Private Law of December 18, 1987, as amended.

        Respectfully submitted,

        VIA MARKETING & PROMOTION, S.A.
        d/b/a ACTAMED SERVICES and
        ROBERT TH. GMELIG MEYLING,

        By their attorneys,

Dated: September 29, 2005

        _/s/ John J. Cotter _____
        John J. Cotter, Esq., BBO# 554524
        David J. Byer, Esq. BBO# 544411
        KIRKPATRICK & LOCKHART NICHOLSON
        GRAHAM LLP
        75 State Street
        Boston, MA 02109-1808
        617.261.3100
        617.261.3175 (fax)

CERTIFICATE OF SERVICE

    I hereby certify that on September 29, 2005, I caused a copy of the foregoing document to be served by electronic filing upon the following:

William S. Strong, Esq.
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114

                                          _/s/ John J. Cotter_____
                                          John J. Cotter

BOS-901544 v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
MASSACHUSETTS MEDICAL SOCIETY and
WILEY-LISS, INC.,

      Plaintiffs,

v.

VIA MARKETING & PROMOTION, S.A.
d/b/a ACTAMED SERVICES and
ROBERT TH. GMELIG MEYLING,

      Defendants.

Civil Action No.:
1:05-cv-10697 WGY

## THIRD DECLARATION OF ROBERT TH. GMELIG MEYLING

I, Robert Th. Gmelig Meyling, declare:

1. My qualifications are summarized accurately in paragraphs 1 through 3 of the Declaration of Robert Th. Gmelig Meyling, dated June 14, 2005, and I incorporate by reference the entirety of those paragraphs in this Declaration. This declaration and the motion it supports shall not constitute an unconditional appearance of any Defendant, and are made without waiver of any of Defendants' rights, including but not limited to their rights to challenge this Court's jurisdiction in this Court or any other court or judicial or administrative authority. Defendants specifically reserve their right to challenge the Court's jurisdiction and the enforceability of the

Court's judgment in Switzerland pursuant to Article 111 Section 1 of the Swiss Federal Act on International Private Law of December 18, 1987. I understand that according to this provision, Swiss authorities do not recognize and enforce a foreign court's judgment in matters concerning intellectual property rights, if such foreign judgment was rendered against a defendant with domicile in Switzerland. Defendants explicitly declare that they will make use of any and all rights and remedies available to object to the Court's jurisdiction and to the enforceability of the Court's jurisdiction in Switzerland, where Defendants are domiciled.

2. In paragraph 2 of my Second Declaration dated September 14, 2005, I stated incorrectly that Mr. Mosimann is "ProLitteris' Swiss attorney". In fact, I understand that Mr. Mosimann is not ProLitteris' Swiss attorney, but rather is Swiss counsel for plaintiffs and other publishers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29 day of September, 2005.

Robert Th. Gmelig Meyling

- 2 -