UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

BLACKWELL PUBLISHING, INC., )
ELSEVIER, INC., )
MASSACHUSETTS MEDICAL SOCIETY, )
and )
WILEY-LISS, INC., )
 )
    Plaintiffs, )
 )
v. )  Civil Action No.:
 )  1:05-CV-10697 WGY
 )
VIA MARKETING & PROMOTION, S.A. )
d/b/a ACTAMED SERVICES and )
ROBERT TH. GMELIG MEYLING, )
 )
    Defendants. )

## OPPOSITION TO MOTION FOR LEAVE TO WITHDRAW

Plaintiffs Blackwell Publishing, Inc., Elsevier, Inc., Massachusetts Medical Society, and Wiley-Liss, Inc., hereby oppose the Motion for Leave to Withdraw by John J. Cotter, David J. Byer and Kirkpatrick & Lockhart Nicholson Graham LLP, insofar as it relates to their representation of Defendant VIA Marketing & Promotion, S.A. d/b/a ActaMed Services ("ActaMed").

### Procedural Background

Plaintiffs filed this Action on April 7, 2005 and proceeded to serve Defendants pursuant to the Hague Convention. Defendants, a Swiss corporation and its principal, retained counsel in the United States, who filed notices of appearance on May 13, 2005. Defendant ActaMed filed an Answer to Plaintiffs' Complaint on June 14, 2005, along with a Motion to Dismiss on the grounds of *Forum Non Conveniens*, Failure to State a

1

Claim and Lack of Subject Matter Jurisdiction. On these and all other papers filed by them in this Court, defendants have inserted a statement claiming that their appearance is not unconditional and purporting to reserve their rights under Swiss law.

The Court denied defendants' motions on September 14, 2005 and instructed the parties to propose a joint case management schedule. The Court also conditionally denied defendant Meyling's motion to dismiss for lack of personal jurisdiction over himself.

However, rather than agreeing to plaintiffs' proposed schedule for the conduct of discovery, or making any counter-proposal of their own, defendants stated in their portion of the parties' Joint Statement, filed with the Court on September 28, 2005, that "any evidence taking, discovery, or proceeding in Switzerland must take place pursuant to the Hague Convention" and that "disregard of the Hague Convention may result in non-enforceability in Switzerland of a court's judgment."[1] The Court entered an Order on October 3, 2005, in effect accepting plaintiffs' proposed deadlines for the completion of discovery and the filing of dispositive motions.[2]

Defendants now claim to have dismissed their counsel in the U.S., and have announced their intention not to hire replacement counsel, but instead to rely on Switzerland's statute that purportedly denies enforcement of foreign intellectual property judgments against persons and corporations domiciled there. In effect, they are proposing to cease defending against plaintiffs' lawsuit in the United States by

---

[1] Plaintiffs do not accept such characterization of Swiss law, but the accuracy or inaccuracy of it is not germane for present purposes.
[2] The Court did not adopt defendants' suggestion, if such it was, that the Federal Rules of Civil Procedure be abrogated and only the Hague Convention rules for discovery be available in this case.

terminating their representation by counsel here, hoping that Swiss law will protect them from any judgment rendered by this Court.

### Argument

Insofar as defendant Meyling is concerned, his failure to appoint successor counsel leaves him in the position of acting *pro se*. Since such a change does not affect the integrity of these proceedings, plaintiffs do not oppose the motion of his counsel to withdraw. The purported removal of counsel for ActaMed, however, creates serious procedural difficulties and cannot be allowed.

The grant or denial of an attorney's motion to withdraw in a civil case is in the discretion of the trial court. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir.1985) (quoting *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982)). In this case, the motion must be denied because ActaMed does not intend to appoint successor counsel in the United States.

In the case of *Rowland v. California Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993), the Supreme Court stated:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *see Turner v. American Bar Assn.*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order *sub nom. Taylor v. Montgomery*, 539 F.2d 715 (Table)(CA7 Cir. 1976), and aff'd *sub nom. Pilla v. American Bar Assn.*, 542 F.2d 56 (CA8 Cir. 1976).

*See also In re Victor Publishers, Inc.*, 545 F.2d 285 (1st Cir. 1976) and the cases cited therein.

ActaMed, a Swiss corporation, is attempting to terminate its representation by United States counsel and has confirmed that it has no intention to appoint successor

3

counsel in this action or any U.S. proceedings that relate to or result from this action in the courts of the United States of America. Not only is this an obvious attempt to shirk the jurisdiction of this Court and avoid defending any action in the U.S., it is impermissible as to ActaMed. As a corporation, ActaMed must be represented by counsel in this action and John J. Cotter, David J. Byer and Kirkpatrick & Lockhart Nicholson Graham LLP may not withdraw unless a successor attorney is named. *See Norwood Co. v. RLI Ins. Co.*, 2005 WL 273244, n. 2 (E.D.Pa. 2005) (motion to withdraw denied where corporation must be represented by counsel, no reason was presented as to why the firm must withdraw, and no other attorney stepped forward to take its place.)

The Motion for Leave to Withdraw by John J. Cotter, David J. Byer and Kirkpatrick & Lockhart Nicholson Graham LLP, insofar as it relates to Defendant VIA Marketing & Promotion, S.A. d/b/a ActaMed Services, should therefore be denied unless and until successor counsel are ready to appear on its behalf.

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
MASSACHUSETTS MEDICAL
SOCIETY, and
WILEY-LISS, INC.,
Plaintiffs,

By their attorneys,

Dated: October 4, 2005

/s/ William S. Strong
/s/ Amy C. Mainelli
William S. Strong, Esq., BBO #483520
Amy C. Mainelli, Esq., BBO# 657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

5

## CERTIFICATE OF SERVICE

      I, Amy C. Mainelli certify that I have this day served the foregoing document by e-mail upon counsel for the defendants in this action.


October 4, 2005                                                                           /s/ Amy C. Mainelli
Date

WSS/elsevier/actamed/opp*